UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS SHOBE,                                                                                     Plaintiff,

v.                                                                       Civil Action No. 3:19-cv-384-DJH-RSE

YASKAWA AMERICA, INC. et al.,                                                         Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

While Thomas Shobe was working at Faurecia Automotive Seating, LLC's manufacturing plant, a machine trapped his hand in its gears. The accident damaged Shobe's hand, and Shobe sued Faurecia, alleging that the company negligently caused his injury. (Docket No. 5) He also asserts product-liability claims against Faurecia, the staffing agency that placed him at Faurecia, and the manufacturer of the allegedly dangerous machine. (*Id.*) Faurecia seeks judgment on the pleadings, claiming that the Kentucky Workers' Compensation Act immunizes it from common-law tort liability. (D.N. 26) For the reasons explained below, the Court will grant Faurecia's motion.

**I.**

The following facts are set forth in the complaint and taken as true for purposes of the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Defendant Belflex Staffing Network, LLC is a temporary staffing network. Belflex placed Shobe at Faurecia's manufacturing facility in Louisville, Kentucky. (D.N. 5, PageID # 25) On August 29, 2018, Shobe was operating a "Motoman MAO1400 Robot and/or DX100 Controller" (the machine) at Faurecia's facility. (*Id.*) While a red safety light—which should have indicated that the machine was disabled—flashed, Shobe placed his hand into the machine to "wipe off the sensor piece and shake off the

1

hydraulic manifold." (*Id*.) Unexpectedly, the machine clamped down on Shobe's hand. (*Id*.) It took another employee more than four minutes to manually unlock the machine, by which time Shobe's hand was seriously injured. (*Id*.) A Faurecia employee called an Uber to take Shobe to the hospital, despite Shobe's request for an ambulance. (*Id*.)

The accident permanently disabled Shobe. (*Id*., PageID # 26)) He filed this suit on May 24, 2019, asserting one claim of negligence and three product-liability claims against Faurecia, Belflex, and the manufacturers of the machine, Yaskawa America, Inc. and Motoman, Inc. (D.N. 1) On June 12, 2019, Shobe amended his complaint to establish jurisdiction in federal court. (D.N. 5) Faurecia moved for judgment on the pleadings (D.N. 26); Shobe responded (D.N. 28); and Faurecia replied. (D.N. 29) Meanwhile, Hartford Accident and Indemnity Company filed a motion to intervene, which no party opposed.[1] (D.N. 27) After careful consideration, the Court will grant both motions.

## II.

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *CoMa Ins. Agency, Inc. v. Safeco Ins. Co*., 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] Hartford claims an unconditional right to intervene under Ky. Rev. Stat. § 342.700 because it has paid and expects to continue paying workers' compensation benefits to Shobe. (D.N. 27, PageID # 209)

for the misconduct alleged." *Id.* A court can only grant a Rule 12(c) motion based on the factual matter asserted in the complaint, and therefore "when material issues of fact are raised by the answer and the defendant seeks judgment on the pleadings on the basis of this matter, his motion cannot be granted." § 1368 Judgment on the Pleadings—Practice Under Rule 12(c), 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.). When considering a motion for judgment on the pleadings, the Court is required to "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

### III.

Faurecia argues that it is entitled to judgment on the pleadings because Kentucky's Workers' Compensation Act (KWCA) provides the exclusive remedy for injured employees seeking redress from their employers. (D.N. 26-1, PageID # 102) Under the KWCA,

> [a] contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.

Ky. Rev. Stat. § 342.610(2). For purposes of the statute, a contractor is "[a] person who contracts with another . . . [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." *Id.* Section 342.690 provides:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee. . . . For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact[] secured the payment of compensation.

Ky. Rev. Stat. § 342.690(1). Read in combination with § 342.610, this "exclusive remedy" provision "immunizes a contractor from tort claims by its subcontractors' employees as well as by its own employees," commonly referred to as "up-the-ladder immunity." *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 203 (Ky. 2009). Put simply, "if an employer could be liable for workers' compensation benefits, a contractor is immune from tort claims once those benefits have been paid." *Asiago v. Chegg, Inc.*, No. 3:15-CV-438-DJH-DW, 2017 WL 319231, at *2 (W.D. Ky. Jan. 20, 2017). Indeed, "[t]he Supreme Court of Kentucky describes up-the-ladder immunity as 'a contractor's immunity from tort lawsuits.'" *Black v. Dixie Consumer Prod. LLC*, 835 F.3d 579, 583 (6th Cir. 2016) (quoting *Beaver v. Oakley*, 279 S.W.3d 527, 528 n.1 (Ky. 2009)); *see Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 449–50 (6th Cir. 2012) (quoting the *Beaver* footnote).

A contractor is insulated by up-the-ladder immunity if the facts satisfy three elements. First, Shobe must have been "'hired to perform' this work for [Faurecia]." *Black*, 835 F.3d at 585 (quoting *Gen. Elec. Co. v. Cain*, 236 S.W.3d 579, 585 (Ky. 2007)). Next, the Court must determine whether the work Shobe performed was "customary, usual, or normal" component of Faurecia's business or "work that [Faurecia] repeats with some degree of regularity." *Black v. Dixie Consumer Prod. LLC*, 516 F. App'x 412, 417 (6th Cir. 2013) (quotation omitted). Finally, the Court must decide whether the work that Shobe engaged in was "work that [Faurecia] or similar businesses would normally perform or be expected to perform with employees." *Id*.

The parties do not dispute that Faurecia qualifies as a contractor under the KWCA. Nor does Shobe dispute that Faurecia satisfies all three elements of the up-the-ladder-immunity test based on the facts in the complaint. The answer therefore raises no material issue of fact that would render a judgment on the pleadings inappropriate. *Cf. Littleton v. Ridley USA, Inc.*, No.

5:17-CV-479-JMH, 2018 WL 1369913, at *4 (E.D. Ky. Mar. 16, 2018) (denying defendant's Rule 12(c) motion because defendant's claim of up-the-ladder immunity raised a material issue of fact). Indeed, Shobe concedes that Faurecia would be entitled to up-the-ladder immunity "under ordinary circumstances." (D.N. 28, PageID # 117)  Shobe nonetheless contends that Faurecia may not invoke up-the-ladder immunity for two reasons.

First, Shobe contends that an exception to up-the-ladder immunity applies here. Kentucky law recognizes an exception to up-the-ladder immunity if the employer acted with "deliberate intention" to cause the employee's injury. Ky. Rev. Stat. § 342.610(4). This exception is narrow, and it "is viable only when the employer has 'determined to injure an employee and used some means appropriate to that end, and there must be a specific intent.'" *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 616 (6th Cir. 2005), opinion amended on reh'g (Mar. 25, 2005) (quoting *Fryman v. Elec. Steam Radiator Corp.*, 277 S.W.2d 25, 27 (Ky. 1955)). Shobe asserts for the first time in his response that Faurecia intentionally caused his injury by ignoring the known dangers of the machine that injured him. (D.N. 28, PageID # 117.) But this conclusory allegation does not meet the high standard necessary for the exception to be applicable, and the amended complaint is devoid of any facts that could support Shobe's argument. A plaintiff may not assert factual allegations not raised in the complaint in response to a Rule 12(c) motion. *See Turnage v. Oldham*, 346 F. Supp. 3d 1141, 1158 (W.D. Tenn. 2018) ("The Court may not consider new facts alleged in [p]laintiffs' [r]esponse [to defendant's motion to dismiss].") (citing *Neff v. Standard Fed. Bank*, No. 2:06-cv-856, 2007 WL 2874794, at *9 (S.D. Ohio Sept. 27, 2007) ("The Court may not consider . . . new allegations [from the plaintiff] not contained in the complaint.")).

The Court's decision on a defendant's motion for judgment on the pleadings is limited to the allegations contained in the complaint, the answer, and any essential attachments to the

5

pleadings. *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court thus will not consider Shobe's "vague, outside-the-pleadings allegations" that imply novel factual allegations not stated in the complaint. *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1551 (2019) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings.")).

The complaint establishes both that Faurecia is entitled to up-the-ladder immunity and that the intentional-conduct exception does not apply. Judgment on the pleadings is therefore not barred by the presence of an affirmative defense. *See Paulin v. Kroger Ltd. P'ship I*, No. 3:14CV-669-DJH, 2015 WL 1298583, at *4 (W.D. Ky. Mar. 23, 2015) ("Only when the allegations themselves show that the claims are barred by an affirmative defense is dismissal appropriate under the Rule 12(b)(6) standard.") (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.2012)) (citations omitted); *see also Asiago*, 2017 WL 319231 at *2 (applying 12(b)(6) standard and dismissing claim based on up-the-ladder immunity under the KWCA).

Second, and in the alternative, Shobe argues that the KWCA violates Kentucky's Constitution by stripping him of his right to a jury trial, violating Section 7 of the Kentucky Constitution. (D.N. 28, PageID # 117–18) "In prior cases, Kentucky courts have addressed the constitutionality of its workers' compensation system and found that it meets constitutional muster." *Thompson v. The Budd Co.*, 199 F.3d 799, 806 (6th Cir. 1999) (citing *Edwards v. Louisville Ladder*, 957 S.W.2d 290, 295 (Ky. Ct. App. 1997) (citing *Greene v. Caldwell*, 186 S.W. 648, 652 (Ky. 1916))). Shobe's constitutional argument is thus meritless. *See Comperry v. Phelps*

*Dodge Indus., Inc.*, No. 90-5824, 1991 WL 39660, *8 (6th Cir. March 21, 1991) (unpublished) ("The constitutionality of the [KWCA] as to claims between employer and employee is well established.").

### IV.

Shobe was injured while working at Faurecia's plant, and he received workers' compensation from Hartford.  Because Faurecia meets the three-element test for up-the-ladder immunity and Shobe did not allege in his complaint that Faurecia intentionally injured him, Faurecia is entitled to up-the-ladder immunity as a matter of law.  Thus, even taking all facts alleged in the complaint as true, it is clear that Faurecia is entitled to judgment on the pleadings. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Hartford Accident and Indemnity Company's Motion for Leave to File Intervening Complaint (D.N. 27) is **GRANTED**.  The Clerk of Court is **DIRECTED** to file the tendered intervening complaint (D.N. 27-1) in the record of this matter.

(2)     Defendant Faurecia Automotive Seating, LLC's Motion for Judgment on the Pleadings (D.N. 26) is **GRANTED**.  Shobe's claims against Faurecia Automotive Seating, LLC are **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to terminate Faurecia as a defendant in this matter.

This Order does not affect Shobe's claims against any other defendant.

June 29, 2020

**David J. Hale, Judge**
**United States District Court**